Per Curiam.
 

 The bill states the real estate of which her husband died possessed of, or entitled unto; that he left a paper purporting to be a will, which was proved in the court of the county where he died, and that this will respected both real and personal estate. She speaks of a revocation by canceling the codicil, and declaring that he would revoke the whole. She says he thought at the time of his death that it was destroyed. She speaks of the birth of three children, after the date of this will.
 

 As to the personalty, she cannot come into this court in direct opposition to the probate remaining in full force, and say we ought to proceed notwit'hsanding
 
 that
 
 without regard to it. If improperly admitted to probate, the remedy is by a
 
 citation
 
 to all parties concerned, and a new probate ; or if the application for the probate be rejected, by a
 
 certiorari
 
 removing it into a superior court. The same remedy * applies to a probate concerning lands, made pursuant to the act of 1784, ch. 10, § 6, and would have exactly the same effect, were it not for the provision in that section, namely: “ That when any fraud may be suggested in the drawing or obtaining any last will, or any irregularity in the execution or attestation thereof, the party making such suggestion,
 
 *302
 
 shall and may insist upon the original will being produced to the court, if the same is to be found; and the court where any trial is depending, and in which such will may be introduced as testimony, may compel the production,” &c. Now it would seem that the probate in the case, if personalty, would be absolutely conclusive except in the cases specified as proper for its reproduction. As to the revocation by the birth of a child (1 Fonb. 356-361), it may probably be effected by such birth. The decisions seem opposed to a revocation by such means. It deserves investigation. It may possibly be revoked by cancellation, for that is an act
 
 done;
 
 and seems more efficacious than a bare declaration that he will, or does revoke.
 

 It may be that by some of these means the will had lost its existence before the death of the testator. Still the question returns, is this one of the cases called for in the act where the production of the paper proved as the will may be called for ? All other cases are under the general rule, and the present case is one of the latter class. The remedy is by re-probate, which is both easier and cheaper, where the parties concerned reside in this State, and may have notice by process issued in the ordinary courts. If resident beyond the limits of the State, perhaps this court, for the sake of giving them notice by publication, would entertain the suit. This is but speculation, however. The plaintiff ought to have a suit for the direct .purpose of setting aside this probate, and- ought not to bring it into question collaterally and incidentally by suit for a part of the property. After * all, however, it may be that upon further consideration the court may think this case to fall within the same mischief, and to be entitled to the same remedy, as in the specified cases stated in the act, and above adverted to. It may be, that it may think upon' further investigation, that the revocation is a question which can better be determined here than in the Court of Probate. And this is a demand of dower favored by the law, in which a poor woman seems to be entitled to attention, if it can legally be extended to her.
 

 Therefore let the bill be answered.
 

 See King’s Digest, 12,147.